SOLOMON SHUMWAY *vs.* STEPHEN V. CARPENTER & another.

A receipt taken by a deputy sheriff for property attached by him is discharged by the assignment in insolvency of the estate of the defendant in the writ, although such receipt contains an agreement, in case of neglecting or refusing to redeliver the property to the deputy sheriff, to pay to him on demand, or to his lawful representatives, the amount of debt and costs which shall be recovered in the suit, together with the fees upon the execution.

CONTRACT brought by a deputy sheriff upon a written instrument signed by the defendants, reciting that the plaintiff had attached certain specified personal property valued at one hundred dollars on a writ in favor of Luther Capron, Jr., against James T. Cree, and continuing as follows :

" Now in consideration of the premises, and of said S. Shumway allowing the above property so by him attached to remain in the charge and possession of the said James T. Cree, we hereby jointly and severally promise and agree that said property is the lawful property of the said James T. Cree, and is of the aforesaid value, and that we will on demand deliver the said property to the said S. Shumway in like good order and condition as the same is now in, and of its present value, or, in case of our neglecting or refusing to deliver the property as aforesaid, we will pay on demand to the said S. Shumway, or his lawful representatives, the amount of debt and costs which shall be recovered in the said suit, together with all lawful fees upon such execution or executions as may be placed in the hands of said S. Shumway or his legal representatives."

It was agreed in the superior court that upon the execution and delivery of the above instrument the attached property was returned to Cree ; that judgment was recovered and execution issued in the suit, and a demand was duly made upon the defendants ; and that before the rendition of the judgment Cree went into insolvency, and his estate was duly assigned according to law, but he did not obtain his discharge. No order was passed that the attachment should survive. This action was brought for the benefit of Capron.

Judgment was thereupon ordered for the defendants, and the plaintiff appealed to this court.

*P. E. Aldrich & J. H. Stockwell*, for the plaintiff. This contract is something more than an ordinary receipt for attached property, and this action may therefore be maintained upon it. *Sibley* v. *Story*, 8 Verm. 15. *Anthony* v. *Comstock*, 1 R. I. 454. *Robinson* v. *Mansfield*, 13 Pick. 139. *Waterhouse* v. *Bird*, 37 Maine, 326.

*W. W. Rice*, for the defendants.

Foster, J. This is an action by a deputy sheriff against a receiptor to whom he delivered personal property attached by him, which the receiptor at once redelivered to its owner, the defendant in the writ of attachment, who before judgment took advantage of the insolvent laws, and his estate was duly assigned to an assignee in insolvency.

The plaintiff cannot recover to hold to his own use the value of the property receipted for; nor for the benefit of the original owner, because the property was restored to him when the receipt was executed; nor for the benefit of the original creditor, for the proceedings in insolvency terminated his interest and dissolved the attachment; nor for the benefit of the assignee in insolvency, as representative of the general creditors, because no order was ever obtained for the continuance of the attachment. Therefore the plaintiff can recover no judgment whatever on the ipt or contract. *Butterfield* v. *Converse*, 10 Cush. 317. In that case, the terms of the contract were absolute to redeliver the property on demand. In the present, the agreement adds, for the benefit of the receiptor, the alternative, or else to pay the judgment which may be recovered. But if the judgment were less than the value of the property receipted for, the payment of its amount would fully discharge the receiptor from liability where the property attached went back into the possession of 'ts owner.

On the agreed facts there must be

*Judgment for the defendants.*